cluded that the court lacked jurisdiction to consider the breach of contract claims asserted by PSEG and the other three formerly named petitioners. The court held that jurisdiction resided instead in the regional courts of appeals.

PSEG and the United States assert that there are substantial differences of opinion concerning whether the Court of Federal Claims or the regional circuits have jurisdiction over these breach of contract cases. In *Wisconsin Electric Power Co. v. U.S. Dep't of Energy*, 211 F.3d 646 (D.C.Cir. 2000), the D.C. Circuit declared that it lacked jurisdiction over disputes arising out of an alleged breach of the Standard Contract, and that the Court of Federal Claims was the proper forum. In addition, there is a conflict within the Court of Federal Claims on that issue, as evidenced by the conflicting rulings on the various motions for reconsideration of the certified order. The United States, while agreeing with PSEG that the Court of Federal Claims has jurisdiction over these types of cases, asserts that "we apparently differ regarding the basis and scope of that jurisdiction."

We conclude that the petition for permission to appeal should be granted. Many similar cases are pending in the Court of Federal Claims and a decision on the jurisdictional issue will resolve this threshold issue without further investment of resources by the Court of Federal Claims. We agree with the United States, however, that summary vacatur is not warranted.

Accordingly,

IT IS ORDERED THAT:

(1) Florida Power's motion to have its name removed from the caption as a peti-

tioner is granted. The revised official caption is reflected above.

(2) PSEG's petition for permission to appeal is granted.

(3) PSEG's motion for summary vacatur is denied.

Mark L. SIMONS, Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT, Respondent.

No. 05–3245.

United States Court of Appeals, Federal Circuit.

Aug. 5, 2005.

*Official Caption* [3]

ORDER

Petitioner having filed the required Statement Concerning Discrimination it is

---

**3.** Required for use on petitions, formal briefs and appendices, court opinions, and disposi- tive court orders. FRAP 12(a); 32(a).

ORDERED that the order of dismissal and the mandate be, and the same hereby are, VACATED and RECALLED, and the petition for review is REINSTATED.

Petitioner's brief is due within 53 days from the date of filing of this order.

Patricia A. BRADY, Petitioner,

v.

UNITED STATES POSTAL SERVICE,
Respondent.

No. 05–3236.

United States Court of Appeals,
Federal Circuit.

Aug. 5, 2005.

Patricia A. Brady, David M. Cohen, pro se.

ORDER

Petitioner having filed the required Statement Concerning Discrimination it is

ORDERED that the order of dismissal and the mandate be, and the same hereby are, VACATED and RECALLED, and the petition for review is REINSTATED.

Petitioner's brief is due within 21 days from the date of filing of this order.

Valerie M. BUSBY, Petitioner,

v.

OFFICE OF PERSONNEL
MANAGEMENT,
Respondent.

No. 05–3257.

United States Court of Appeals,
Federal Circuit.

Aug. 5, 2005.

Valerie M. Busby, pro se.

ORDER

Petitioner having filed the required Statement Concerning Discrimination it is

ORDERED that the order of dismissal and the mandate be, and the same hereby are, VACATED and RECALLED, and the petition for review is REINSTATED.